[No. B007008. Second Dist., Div. Four. Oct. 29, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL J. SCOTT, Defendant and Appellant.

938

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Patricia L. Reber, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Anderson and William H. Davis, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FIELDS, J.*—In a five-count information, the defendant was charged in count I with the crime of murder in violation of Penal Code section 187. The count further alleged that the murder was committed while defendant was engaged in the commission of a robbery in violation of Penal Code section 211 and within the meaning of Penal Code section 190.2, subdivision (a)(17). Count I further alleged that defendant personally used a firearm, to wit, a handgun, in violation of Penal Code sections 12022.5 and

---

*Assigned by the Chairperson of the Judicial Council.

1203.06, subdivision (a)(1). In counts II and V defendant was charged with the crime of attempted robbery in violation of Penal Code section 664/211, a felony. It was also charged he used a firearm, to wit, a handgun, in violation of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1). In count III, defendant was charged with Penal Code section 245, subdivision (a)(1), assault with a deadly weapon and by force likely to produce great bodily injury, a felony. Count IV charged defendant with the crime of robbery in violation of Penal Code section 211, and with use of a firearm in the commission of the crime in violation of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1). Defendant pled not guilty and waived trial by jury.

The court found defendant guilty of murder in the first degree as charged in count I, and also found the special circumstance to be true pursuant to Penal Code section 190.2, subdivision (a)(17). The court found that the allegation that defendant used a firearm in the commission of the crime was true. Defendant was found guilty of attempted robbery as charged in counts II and V, and further it was found true that defendant used a firearm in the commission of these crimes. Defendant was found guilty of assault with a deadly weapon as charged in count III, and it was found that the firearm allegation in said count was true. Finally, defendant was found guilty of robbery as charged in count IV, and it was also found that the firearm allegation in said count was true.

Defendant's motion to strike the special circumstance was denied. Probation was denied. Defendant was ordered imprisoned in the state prison for life without possibility of parole as to count I. The court found factors in aggravation and selected the high term for count II plus two years for using a firearm. For count III, the court sentenced defendant to a term of four years plus two years on the firearm use enhancement. For count IV, the court sentenced defendant to the high term of five years, plus two years for the firearm use enhancement. For count V, defendant was sentenced to the high term of three years, plus two years for the firearm use. The court stayed the sentences on counts II and III until completion of the sentence on count I, at which time they were to be permanently stayed. The sentences on counts IV and V were ordered to run concurrently with that of count I.

The facts of the case, insofar as pertinent, are included in the discussion of this case.

### THERE WAS SUBSTANTIAL EVIDENCE THAT DEFENDANT POSSESSED THE NECESSARY INTENT TO KILL

In *Carlos v. Superior Court* (1983) 35 Cal.3d 131 [197 Cal.Rptr. 79, 672 P.2d 862], the Supreme Court established that to sustain a special

circumstance allegation under Penal Code section 190.2, subdivision (a)(17), there must be a finding that the defendant had the specific intent to kill.

■ The test of whether substantial evidence is present is whether evidence contained in the whole record on appeal is such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. In applying this test, the court must review the whole record in the light most favorable to the judgment below. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) This court must view the evidence in a light most favorable to the respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Mosher* (1969) 1 Cal.3d 379 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Sweeney* (1960) 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].) If the trial court's findings are justified by the circumstances, an appellate court cannot reverse merely because the circumstances might also be reasonably reconciled with a contrary finding. (*People* v. *Mosher, supra,* 1 Cal.3d 379.)

■ Defendant here contends that substantial evidence of intent to kill is lacking. We believe to the contrary that the evidence clearly and reasonably justified the trial court finding that defendant had the requisite specific intent to kill.

Ramon Munoz Mariscal lived at 9906 South Anzac in Los Angeles. About 8 p.m. on April 6, 1983, Ramon and his six brothers were watching a baseball game on television. Ramon's mother, his son, cousin Angel, and some of his nephews were also watching. Jose Guadalupe, Angel, and Ramon's child, Rogelio, were all sitting on the bed. The rest were in the living room.

At that time, defendant, codefendant Winston, and a third man named Flemming entered the house holding guns. Defendant and codefendant Winston told everyone there not to move, it was a robbery. Defendant had his face covered with a bandana and wore a bluish cap. Ramon noticed he had green eyes. Defendant went directly to Ramon and asked him for money, and when Ramon told him in Spanish he did not have any, defendant hit him with his gun and took Ramon's wallet from his pocket. The wallet contained $1,000 in cash from recently cashed tax refund checks. Defendant then shot Ramon in the chest.

Juan Munoz, who was also watching television, fired a gun at Flemming who stood by the front door, and then shot at codefendant Winston and tried to fire at defendant, but the gun only made a clicking noise and would not

fire. Defendant then walked up to Juan and while standing approximately three feet in front of him shot him in the forehead.

Francisco Munoz observed defendant and codefendant Winston and the third man, Flemming, come into the house pointing guns and telling everyone not to move, it was a robbery. He heard defendant say: "This is a robbery and nobody move." He and Daniel and Martin Munoz heard defendant tell Ramon to give him his money, and then they saw defendant shoot Ramon. They saw defendant shoot Juan in the forehead while standing only three feet away from him.

Angel Hernandez Mariscal also saw that defendant had green eyes. He saw defendant hit Ramon, take his money and shoot him in the chest. Angel did not see Juan shot. Martin Munoz subsequently identified defendant in a photo lineup.

Defendant gave a statement to the effect that he participated in the robbery and shot Ramon in the stomach. He denied killing Juan.

These are facts of substantial evidence of defendant's specific intent to kill, sufficient to support a finding of the special circumstance alleged.

## SUBSTANTIAL EVIDENCE SUPPORTS DEFENDANT'S CONVICTION FOR ATTEMPTED ROBBERY

 The defendant next contends that the evidence is insufficient to convict for attempted robbery as alleged in counts II and V, the attempted robbery of Juan Munoz and Angel Hernandez. We disagree. " '[t]o constitute an attempt, there must be (a) the specific intent to commit a particular crime, and (b) a direct ineffectual act done towards its commission. . . . To amount to an attempt the act or acts must go further than mere *preparation;* they must be such as would ordinarily result in the crime except for the interruption.' (1 Witkin, Cal. Crimes (1963) § 93, at p. 90.)" (*In re Smith* (1970) 3 Cal.3d 192, 200 [90 Cal.Rptr. 1, 474 P.2d 969]; italics in original.) Here, the intent of defendant was shown when he, codefendant Winston, and Flemming entered the Anzac residence carrying guns and when defendant said: "Don't move. This is a robbery. Give me your money." Also, codefendant Winston said: "Don't move," and he aimed the gun at everyone, and moved it in a semicircular manner. Both Juan Munoz and Angel Hernandez were present at that time. Juan was in the living room, and Angel was in the bedroom next to Ramon Munoz on the bed. After defendant asked Ramon for money, struck him, took his money and shot him in the chest, Juan pulled his gun and started shooting at the robbers in the living room. He aimed at defendant and the gun did

not fire. Defendant then shot Juan and left. From these facts, the trial court could properly conclude that a robbery was in progress, and that after defendant took Ramon's money, he intended to take the money from Juan and Angel as well.

As stated in *People* v. *Mosher, supra,* 1 Cal.3d at page 395, we "must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." On the state of the facts, it could reasonably be deduced that had Juan not opened fire, both he and Angel would have been robbed as well as Ramon.

The judgment is affirmed.

McClosky, Acting P. J., and Arguelles, J., concurred.

A petition for a rehearing was denied November 19, 1985, and appellant's petition for review by the Supreme Court was denied January 30, 1986.